**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| J.O., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), et al. <br><br> *Defendants* | By ECF <br><br><br> Civil Action No. 22-cv-1850-AMD <br><br> Jury Trial Demanded |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

## **BACKGROUND**

Plaintiff came to the United States to escape life-threatening persecution and obtain asylum. Plaintiff suffered harassment, threats, and violence in Jamaica because he is gay. Plaintiff lives in constant fear of being sent back to Jamaica, where he may be killed or attacked due to the prevalence of persecution of gay people, without any protection of the Jamaican authorities. Plaintiff filed for asylum on November 29, 2017. Despite a statutory deadline requiring Defendants to have scheduled Plaintiff for an interview to adjudicate his asylum claim within ***45 days*** of their receipt of his application, Plaintiff has waited over four years for an interview, more than ***thirty*** times the statutory deadline. Under Defendants' scheduling policies, Plaintiff will likely never receive an asylum interview. Accordingly, Plaintiff filed this action to compel Defendants to perform their non-discretionary duty to schedule him for an interview and adjudicate his application for asylum.

Plaintiff seeks to proceed anonymously for two reasons. First, in the event that his application is denied and he is returned to Jamaica, having his sexual orientation in the public record would significantly increase the likelihood that Plaintiff would be persecuted and eventually killed. Second, Plaintiff is currently living with family in the United States. Were his family to learn that he is gay, Plaintiff would likely be evicted from his family's home and be homeless. In contrast, if the Motion is granted, there would be no prejudice to Defendants, who are well aware of Plaintiff's identity and the facts giving rise to his complaint.

Accordingly, Plaintiff respectfully requests that the Court grant this Motion and permit Plaintiff to file a Complaint and proceed in this litigation anonymously, using the fictitious initials J.O.

## ARGUMENT

A. **Legal Standard**

Rule 10(a) of the Federal Rules of Civil Procedure provides that "the title of the complaint must name all the parties." Rule 17 further states that every action shall be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17. Nevertheless, courts permit parties to preserve their anonymity in judicial proceedings where "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

The decision whether to allow a plaintiff to proceed anonymously is within the Court's discretion. *Sealed Plaintiff*, 537 F.3d at 190. In balancing the plaintiff's interest in anonymity against the public's interest in disclosure and any prejudice to the defendant, courts consider a "non-exhaustive" list of factors, including:

> (l) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously ... (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiffs identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of their age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press their claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiffs identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-190 (internal citations and quotation marks omitted).

Here, the pertinent *Sealed Plaintiff* factors overwhelmingly support Plaintiff's Motion as the matters at issue concern highly sensitive, personal interests and Plaintiff's safety and there is no prejudice to Defendants from permitting Plaintiff to proceed anonymously.

B.      **The *Sealed Plaintiff* Factors Support Plaintiff's Motion to Proceed Anonymously**

Here any interest that the public might have in knowing Plaintiff's identity is *de minimis*. Plaintiff is seeking to avoid public disclosure of the fact that he is a gay man, a highly sensitive and deeply personal matter in which the public has no interest. *See T.W. v. New York State Bd. of Law Examiners*, 16-cv-3029 (RJD) (RLM), 2017 WL 4296731, at *5 (E.D.N.Y. Sept. 26, 2017) (holding that "amending the caption to use Plaintiff's initials is appropriate" where the complaint detailed plaintiff's medical history and disability and where the concerns of publicly disclosing those details were "not counterbalanced by any prejudice to Defendants if the case proceeds under a pseudonym"). Moreover, publicly disclosing Plaintiff's identity would subject him to increased risk of persecution if returned to Jamaica as well as risk outing Plaintiff to his family in the United States.

Federal regulations generally prohibit the disclosure of information contained in asylum applications without consent from the applicants. 8 CFR § 208.6 (2018). While there is an exception for court cases like this one, the existence of the regulation demonstrates the public policy interests favoring allowing asylum applicants to maintain their privacy. Indeed, Defendant USCIS has acknowledged that disclosing applicants' identities "could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin." *Fact Sheet: Federal Regulation Protecting the Confidentiality of Asylum Applicants,* date October 18,

1

2012, available at

https://www.uscis.gov/sites/default/files/USCIS/Humanitarian/Refugees%20%26%20Asylum/Asylum/Updated_Fact_Sheet_on_Confidentiality_10_18_12.pdf

Since Plaintiff's identity is known to Defendants, there is no prejudice to Defendants from proceeding anonymously. *B.J.S. v. The State Educ. Dept./The University of the State of New York*, No. 08-CV-513A(F), 2010 WL 502796, at *4 (W.D.N.Y. Feb. 9, 2010) ("because of the prior relationship of the parties to the instant . . . . dispute, defendant is already aware of Plaintiff's . . . identity and thus will not suffer any palpable prejudice from the requested nondisclosure in this litigation."). In evaluating this factor, courts examine, among other things, the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously, none of which would be a factor here, since Defendants are already intimately familiar with the facts giving rise to the Complaint. *See Doe v. Townes*, No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020) ("Defendant, because he knows Plaintiff's name, is not greatly prejudiced in his ability to conduct discovery."); *Kolko*, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers.").

This lack of prejudice is especially evident where Defendants, as here, are government officers sued in their official capacity. Accordingly, this case has nothing to do with Defendants' private reputational interests that could traditionally be relied on to demonstrate prejudice. *See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (noting "personal anonymity is more readily granted" where there are governmental defendants "because of the existence of a public interest in the action and a lesser interest in

[defendants'] personal reputation."). Additionally, "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court allow him to file a Complaint and to proceed in this lawsuit anonymously using fictitious initial J.O.

Dated:  April 4, 2022            KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:   /s/ Aaron M. Frankel

Aaron M. Frankel
Samantha M. Ford
Joely Gerber (admission pending)
Randy Krieder
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-7793
Facsimile: (212) 715-8363
afrankel@kramerlevin.com
sford@kramerlevin.com
jgerber@kramerlevin.com
rkrieder@kramerlevin.com

*Pro Bono Attorneys for Plaintiff J.O.*